3190280 Andrea Cannon, Appellant v. Illinois Dept. of Human Rights Comm'n et al. Appelese. Good afternoon everyone. Mr. Jackson, if you're prepared to proceed, you may do so. And just so that you know that Justice Schmidt is participating, he is here. He may be asking questions, but he does have a visual screen up. My name is Donald Jackson and I am counsel for Andrea Cannon. This case raises the question whether or not Ms. Cannon received a fair and in-depth investigation of her charge of racial discrimination. She alleged in her charge that she was treated differently than similarly situated other employees. Ms. Cannon is African American and her comparatives were all non-African American employees. This case initially went to the Commission with a recommendation from the Department of Human Rights that there was no substantial evidence of discrimination. The Commission, after reviewing the initial investigation, sent it back with specific instructions on what the investigator ought to look for, especially with respect to the racial disparity charge. And that's really the complaint that the charge that we have filed is that the reason for this appeal is that the second investigation was no better than the first investigation. And the real problem here is that the investigator failed to use the tools that the Human Rights Act provides to an investigator in cases of this at least four other. She was an account executive, which meant that she serviced Sprint facilities with signs and other information that they needed to market the product. Now, she was charged with expired signings back in 2013. And a year later, she was discharged for that same charge. Now, some of the comparatives that she provided to the investigator also admitted that they had expired signage and other problems and they were neither disciplined nor discharged for their infractions. The comparatives and some of the comparatives that she provided were reluctant to give statements to the investigator. I certainly understand that if they had expired signage as Ms. Cannon had, I don't think they wanted to incriminate themselves. But that should not have interfered with the investigation. He had the a subpoena to force those employees to give an explanation as to whether or not they had expired signage, whether or not they were having problems with their accounts. And he or she failed to do that. Notwithstanding the explicit instructions from the commission after our initial request to review the dismissal by the department. When you add insult to injury to this case, the department failed in the end to provide the full record to the commission before the second time around the commission sustained the dismissal for lack of substantial evidence. One of the comparatives did provide information that Ms. Hurley was a white female and she said she too had expired signage and she was neither disciplined nor was she discharged. So the crux of this appeal is that we feel even the second investigation by the department and their failure to provide the complete record to the commission tainted the investigation on behalf of Ms. Cannon. And the request in our appeal of course is that the commission either order a yet a third investigation or in the alternative that this matter be referred for a public hearing as set forth in the act itself. I've been doing this business before the commission for well over 38 years. In fact, the Zadirac case that's cited in our brief is a case that I argued before the Supreme Court 32 years ago. And so I know what a good investigation looks like and this was not a good investigation and it needs to be reversed and the commission needs to order a yet a third investigation as I said before or in the alternative. Let's set it for a public hearing and we can subpoena all the witnesses and the comparative cited by Ms. Cannon and place everybody under oath. You know the irony of this of all of this is that Sprint could have solved this problem in the first investigation by simply opening up their records to the investigator and let them compare the conduct and performance of Ms. Cannon with her comparatives. But they didn't do that either in the first investigation or the second investigation. So consequently we believe that Ms. Zadirac, I'm sorry, Ms. Cannon did not get the benefits that the Human Rights Act was created to provide to an African-American who believes that she was treated differently than her non-African-American counterparts. And for that reason we filed this appeal in this case. That's about all I have to say about it. I think it's a pretty simple case from that point of view and I'd be happy to answer any questions that the panel may have of me. Thank you Mr. Jackson. Are there any questions? Mrs. Litton, Mrs. Schmidt, I don't see you. You have five minutes and rebuttal. Now Ms. Hanson you may proceed. But there you go. May it please the court, I'm Assistant Attorney General Christina Hanson on the behalf of the respondents, Illinois Human Rights Commission and Illinois Department of Human Rights. We ask that this court affirm the commission's final administrative decision because the commission did not abuse its discretion when it sustained the dismissal of Cannon's charge for lack of substantial evidence when it implicitly found the department's investigation sufficient or when it considered only the evidence that the parties placed before it. First, the commission did not abuse its discretion when it sustained the dismissal of the charge of discrimination based on lack of substantial evidence. Cannon did not present and the department investigation did not uncover substantial evidence of a prima facie case of discrimination because there was no substantial evidence that she was disciplined more harshly than other employees outside of her class who were similarly situated to her. The investigative report details that Cannon had a significant history of disciplinary action that wasn't just a matter of expired signage but that showed according to the employer a complete lack of care for the stores that she was responsible for. With respect to the incidences leading up to her of her stores and found that she failed to address serious placement and or training issues. Three of the stores lacked insurance handouts and current information on available insurance promotions and services. Four stores not only had expired signage but also store employees were unaware of pricing changes and according to the investigative report, Cannon was not showing improvement over the two-year employment and there were documented performance issues through three supervisors or managers that oversaw her work. There was no substantial evidence in the record that the comparators had similar disciplinary issues. Cannon's statement that other employees that the comparators that she identified had expired signage and that was the only employees and so the commission found that they were not similarly situated and she failed to establish a prima facie case. The time that the um between the initial claim and then when it's sent back for further investigation what was what was added um I mean they have an addendum but is it is it is there anything in the addendum other than um they either declined comment or didn't return phone calls or one said that they didn't know her I mean was there any other information other than you know we called those people and they didn't call us back. Sure uh the this the department let me just note the commission sent um the commission sent the case back for further investigation and the department reached out to several of the comparators that um Cannon had identified um and also um the initial report hadn't um sort of to her um her responsibilities and it went further into the disciplinary um into her disciplinary history um but the comparators it provided additional statements from Jennifer Hurley who was a comparator that she had identified and that again was a uh comparator who had who stated consistent with Cannon's um own statements that she had not been written up for for um an incident in which her the manager had identified expired signage in her store um so that was added to the um investigative report and then also it was noted that that the department couldn't reach a number of the or I'm sorry a number of the other witnesses weren't willing to cooperate and provide uh testimony or provide information uh to the further investigation it didn't direct the party it didn't direct the department to conduct the investigation in a certain way it simply remanded for further investigation because the department didn't oppose um the request for review the the department indicated that that remand would be appropriate and so the commission's order didn't direct uh that the investigation be conducted a certain way it simply sent it back for remand um and upon remand um the the investigation um as I noted did not uncover substantial evidence of um of race-based discrimination that she was discharged that she was treated differently than other similarly why not subpoena those other witnesses what purpose does it serve to essentially repeat the investigation a second time and not find what those people had to say I think because the uh there was no evidence that that even even the comparators that she put forward there was no even her allegations with respect to those even her statements that that those employees were not written up for having expired signage that's something that employer indicated as well that isolated incidents of having expired signage was not something that um you know so they might not have been written up for that but that was in contrast to um cannon's lengthy disciplinary history which again was occurred over the course of being supervised by three different managers over a two-year period um and so um they had the investigation um took into account the statements of Jennifer Hurley who had been identified as a comparator um and her her um her own statements as well as as the employer's um statements about the discipline was that they simply weren't similarly situated they simply didn't have the same um employment issue the same disciplinary issues um and I would note that that cannon too um had the opportunity during the investigation a complainant during investigation can submit evidence themselves and and and she never did that she never came forward with additional evidence to establish a prima causa case of of discrimination um and and the evidence in the record simply did not did not present substantial evidence that she was treated differently than um than her comparators. I guess my concern really is about the I mean it it wouldn't be I would assume it's not unusual for other employees just not to want to get involved in this at all um and it just seems like it seems very I mean I I guess I'm a little surprised it's very easy to to not participate because is this I mean does this seem to be the common practice if you don't want to you don't answer us we're not gonna that's it okay they didn't answer us so we there is no indication that her you know the people she listed have were similarly situated but to me I mean that would require that you have some discussion with them I I guess that's what I'm really stumbling over is you know this doesn't seem you know this is that the department you know they were willing to to accept it back to do more investigation and I guess yeah what skin is it off their nose because they sure didn't seem to do much I mean they you know once they're like okay we'll take it back and we make six phone calls and then say you know what there's nothing here well but it seems like other than from the employer they don't really have any conversations I mean Jennifer Hurley I think she had made a statement in the original about you know yeah she had some expired things too um I I don't know I guess I just I I'm surprised that when they're told to do more investigation that they seem to find and and it's accepted that just reaching out and not getting an answer is satisfies that requirement I frankly if we remanded something to a trial court with instruct you know to do something and this was it I would be a little upset I don't seem to feel that there's much angst though over it yeah again the remand was pursuant to the fact that there was no objection by the parties and so um and the uh the department uh on the second go around on the second request for review the department again found that there was no substantial evidence and that the commission sustained the dismissal of the charge um and it's really the question is uh whether the commission abused its discretion and implicitly finding the the investigation adequate and here it did um and this court has held that it's it's it's uh the commission that decides whether the investigation is adequate not the parties and the commission uh did implicitly find that the investigation was adequate here um and and we would assert that that is not an abusive that that was not an abusive discretion because there simply was no evidence and and cannon did not submit substantial uh substantial evidence showing that she was treated differently than similarly situated um employees um I would note additionally that um you know there's there's two stages of the of the process before the department and then before the commission and and canon can supplement the record at any point during those proceedings so if there was an issue with you know whether uh statements were provided or whether there was enough information about the comparator she certainly could have submitted that information she certainly could have submitted materials both to the department or to the commission um under the statute she could have submitted that evidence um and additionally if the uh investigation was inadequate a complainant also has the option not to pursue um not to pursue a request for review before the commission but to but to bring an action in the circuit court thank you just out of curiosity do you know how many stores she had responsibility over I don't that the number of stores she had responsibility over is not in the record I don't have that information um and finally uh we would note that um the commission did not abuse its discretion by considering only the materials that were submitted um again because under the act the commission is supposed to consider the investigative report any argument and supplemental evidence um that is submitted to it by the parties and any um and the results of any additional investigation um before the commission um and those materials were considered um and and that's all that the parties placed into the record and so it was not an abuse of discretion uh for the commission to consider those materials unless the court has any further questions well we would ask this court affirm uh the final administrative decision of the commission justice linton or justice schmidt any other questions thank you mr jackson for rebuttal thank you uh let me remind everyone that this is not just a case about expired signage uh even sprint admitted that some of the comparatives that uh miss cannon had suggested to the investigator had other problems other employment problems uh we don't know what those problems were because the investigator never made any inquiry into it nor did sprint uh any additional information uh to him about those problems and and but you know we we do have one comparative and and that's hurley who admits that she had signage problem and other employment problems and it seems to me that should be enough to show that she was treated differently than a with respect to hurley what other employment problems did she say she had well that's that's one of the problems that i have with the investigation the investigator didn't go into those problems and nor did he uh if he had information compare it to anything any problems other problems that uh that miss cannon had uh so the record is silent on what those other problems were because of the lack of a thorough investigation by the department in this case and and quite frankly i think there may be some evidence in that portion of the of the record that was not submitted to the commission after the second investigation which certainly impeded our ability to argue those facts in our brief but uh part of that record was miss cannon's response to the inquiry the initial inquiry by the department that was not submitted to the to the commission before it made its final decision to sustain the lack of substantial evidence as to the disparate treatment but wouldn't you have had the ability to submit that no the the appellate court denied us the uh we we requested information to supplement the record and we were denied that uh permission by the appellate court so that part of the record never got to the that part of the record didn't get to the appellate court either i thought i i guess i'm misunderstanding i thought he said that it was miss cannon's statements weren't in front of the um the department of human rights when they made their decision yes they were they were in front okay i misunderstood you i thought you said that they were before the department of human rights but they were not before the human rights commission when they made their decision right and and and they wouldn't accept those from you and you're saying that that this court then said that they were not that we could not that you could not supplement their record with that that's correct we we filed a motion to to supplement the record and because of the fact that part of the record was missing and the council objected to that as new evidence and the appellate court would not allow us to supplement the record to include the omissions that were left out of the record okay thank you for the explanation thank you you i have nothing further oh thank you um thank you both for your arguments here today uh this matter will be taken under advisement and a decision will be issued to you as soon as possible and with that we will stand in recess i believe until three o'clock today thank you both